Matter of Bronx Liq. & Wine Inc. v New York State Liq. Auth. (2020 NY Slip Op 00546)





Matter of Bronx Liq. & Wine Inc. v New York State Liq. Auth.


2020 NY Slip Op 00546


Decided on January 28, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2020

Friedman, J.P., Webber, Kern, González, JJ.


100946/19 10901

[*1] In re Bronx Liquor & Wine Inc., Petitioner,
v
New York State Liquor Authority, Respondent.


Mehler & Buscemi, New York (Martin P. Mehler of counsel), for petitioner.
Gary Meyerhoff, New York (Stefan M. Armstrong of counsel), for respondent.



Determination of respondent New York State Liquor Authority (Authority), dated May 29, 2019, after a hearing, finding that petitioner violated Alcoholic Beverage Control Law § 105(12) by selling liquor in case and multi-case lots to a customer despite having only a retail license, and imposing a civil penalty in the amount of $10,000, or in the alternative, cancelling petitioner's off-premises liquor license, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [John J. Kelley, J.]), entered August 1, 2019, dismissed, without costs.
The determination that petitioner violated § 105(12) is supported by substantial evidence, as the record shows that petitioner had "reasonable cause to believe" that it was selling alcoholic beverages to a reseller (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]). There exists no basis to disturb the credibility determinations of the ALJ (see Matter of Café La China Corp. v New York State Liq. Auth., 43 AD3d 280, 281 [1st Dept 2007]).
Here, the record, which includes the parties' stipulated facts, as well as the testimony of petitioner's manager and the Authority's investigator, shows that petitioner produced receipts for 140 separate sales to the subject customer, which totaled more than $100,000 over the course of less than one year. Although petitioner's manager stated that the average customer spent $2,000 to $3,000 per month, that it was not unusual for a customer to spend the amount that the subject customer spent in a month and that she did not know that the customer owned a nightclub, the ALJ considered the lack of corroboration, the manager's status as an interested witness, and the lack of record keeping, when rationally inferring that petitioner had "reasonable cause to believe" that the subject customer was acquiring the alcohol for the purpose of reselling it (Alcoholic Beverage Control Law § 105[12]).
Furthermore, based on the stipulated fact that petitioner averaged sales of $1.5 million monthly and $18 million annually, a $10,000 civil penalty does not shock one's sense of fairness (see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of [*2]Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233 [1974]; see Alcoholic Beverage Control Law § 17[3]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 28, 2020
CLERK